IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KAQUIETTA ROBINSON, et al., : | |
| Plaintiffs, : | |
| v. : | Criminal Action No. |
| : | 5:08-CV-11(HL) |
| THE STATE OF GEORGIA, et al., : | |
| Defendants. : | |

# ORDER

Before the Court is Defendants' Motion to Dismiss (Doc. 6). For the following reasons, the Motion is granted.

## I.   BACKGROUND

Accepting all well-pleaded facts in the Complaint as true,[1] the facts are as follows. This lawsuit arises out of an alleged unconstitutional strip search of correctional officers at Rivers State Prison in Baldwin County, Georgia. At the time of the search, the ten Plaintiffs in this action were employed by the Georgia Department of Corrections ("DOC") as correctional officers at Rivers State Prison. They allege that on December 17, 2005, before assuming their posts, they were

---

[1] A court ruling on a motion to dismiss must accept all well-pleaded facts as true, and it must construe all reasonable inferences therefrom in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1274 n.1 (11th Cir. 1999).

subjected to an unreasonable strip search. The female Plaintiffs were taken to a room and strip searched by female supervisory officers. The female Plaintiffs could see the other female Plaintiffs as they were being searched. After they removed their clothing, the female Plaintiffs were ordered to squat and cough and lift their breasts. The male Plaintiffs were also strip searched but in an area separate from where the females were searched. After the males removed their clothing, they were instructed to lift their scrotum and spread their buttocks. According to Plaintiffs, the Defendants conducting the searches made disparaging comments to the Plaintiffs and made comments about some of the Plaintiffs' undergarments.

On December 14, 2007, the correctional officers who were strip searched filed suit against twenty-one Defendants in the Superior Court of Baldwin County. The Defendants included the State of Georgia, the Georgia DOC, the Commissioner and Assistant Commissioner of the DOC, the DOC's Director of Facilities, the DOC's Central Regional Director, the Warden and Deputy Warden of Rivers State Prison, the correctional officers who searched the Plaintiffs, and six "David Doe Correctional Officers." The Plaintiffs sued Defendants James Donald, the Commissioner, and Alan Adams, the Director of Facilities, in their official capacities only. The remaining individual Defendants were sued in both their individual and official capacities. On January 16, 2008, Defendants removed the action to this Court and subsequently filed a Motion to Dismiss the Complaint.

Plaintiffs' Complaint contains three counts. Counts One and Two are claims

under § 1983 based on violations of the United States Constitution and the Georgia Constitution. Count One asserts that Defendants violated Plaintiffs' rights under the Fourth and Fourteenth Amendments[2] of the United States Constitution and various provisions of the Georgia Constitution by subjecting Plaintiffs to an unreasonable search and seizure. Count Two alleges that the same federal and state constitutional provisions were violated by "those Defendants failing to provide adequate and appropriate staffing, training, and education for the correctional officers and personnel of Rivers State Prison." Count Three is a claim for punitive damages.

## II.   DISCUSSION

### A.   MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitations of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (citations omitted) (alteration in original). The complaint must contain enough factual allegations to

---

[2]In their Complaint, Plaintiffs apparently cite the Fourteenth Amendment because it makes the Fourth Amendment applicable to the states. Mapp v. Ohio, 367 U.S. 643, 655 (1961).

3

"raise a right to relief above the speculative level." Id. at 1965.  A motion to dismiss should be granted if the well-pleaded facts, accepted as true, fail to state a plausible claim for relief.  Twombly, 127 S. Ct. at 1965-66; Fed. R. Civ. P. 12(b)(6).

In addition to the Rule 12(b)(6) standard, courts in the Eleventh Circuit apply a heightened pleading standard when a § 1983 claim is challenged on qualified immunity grounds.  GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998).  The heightened pleading standard requires that a § 1983 plaintiff "allege with some specificity the facts which make out its claim." Id. The additional factual detail is required so that the district court can make an early determination of whether the defendant's actions violated a clearly established right. Id. at 1367, 1370.

### B.    BOTH COUNTS

#### 1.  State of Georgia, Georgia DOC, and Official Capacity Claims

The language of 42 U.S.C. § 1983 proscribes certain actions by a "person" or "persons."  "A state, a state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983."  Edwards v. Wallace Community College, 49 F.3d 1517, 1524 (11th Cir. 1995).  As a result, Plaintiffs' claims against the State of Georgia, the Georgia DOC, and the official capacity claims against all Defendants are dismissed.³  Because Defendants Donald and Adams were sued in

---

³The Court is aware that individuals sued in their official capacity are persons for purposes of § 1983 when prospective relief is sought.  Edwards, 49 F.3d at 1524.  In this case, Plaintiffs do

their official capacities only, they are dismissed from this action.

### 2. Defendants Ferrero and Head

Defendants Ferrero and Head are named as Defendants, but the Complaint does not contain a single factual allegation against them. Plaintiffs' Complaint against Defendants Ferrero and Head does not satisfy the Rule 12(b)(6) standard, much less the heightened pleading standard. Accordingly, Ferrero and Head are dismissed.

### C. COUNT ONE

Count One alleges a claim under § 1983 based on a violation of the Fourth Amendment of the United States Constitution and various provisions of the Georgia Constitution. The Court will first address Plaintiffs' Fourth Amendment claim.

### 1. Fourth Amendment Claim

Having dismissed the State of Georgia, the DOC, all official capacity claims, and Defendants Ferrero and Head, only the following Defendants remain in their individual capacities: Arbra Childs, Rosemary Poole, Patricia Chatman, Terry Nicholson, Stephen Parnell, Gregory Snow, Gregory Slocumb, Wendy Squires,[4] Doug Underwood, and the six David Doe Correctional Officers. To determine whether Count One's Fourth Amendment claim against these Defendants should be

---

not seek prospective relief.

[4]Squires is referred to in the Complaint as both Wendy Squires and Wendy Spires.

dismissed, the Court must determine whether they are protected by qualified immunity.

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  The qualified immunity analysis involves three steps.  Tinker v. Beasley, 429 F.3d 1324, 1326 (11th Cir. 2005).  First, the public official must prove that the alleged wrongful acts were within the scope of his discretionary authority.  Id.  Actions are within the scope of an official's discretionary authority if the actions were "(1) undertaken pursuant to the performance of his duties, and (2) within the scope of his authority."  Harbert Int'l Inc. v. James, 157 F.3d 1271, 1282 (11th Cir. 1998).  Second, if the official make this showing, the burden shifts to the plaintiff to demonstrate that the official's conduct violated a constitutional right.  Id.; Vinyard, 311 F.3d at 1346.  Third, if the plaintiff establishes a constitutional violation, the plaintiff must establish that the constitutional right was clearly established at the time of the alleged violation.  Tinker, 429 F.3d at 1326; Vinyard, 311 F.3d at 1346.

In this case, the Defendants were carrying out their discretionary duties when they performed the alleged unconstitutional searches.  The Defendants are correctional officers and their duties include maintaining security, attempting to

prevent contraband from entering the prison, and deciding who will be permitted into the secure areas of the prison and under what circumstances. Plaintiffs seem to argue that the searches were outside the Defendants' scope of authority because the searches were unconstitutional. But that is not the standard. The question is not whether it was within the Defendants' authority to commit the allegedly illegal act; the questions is "whether the act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of an official's discretionary duties." Harbert Int'l, Inc., 157 F.3d at 1282. Under this standard, the searches at issue in this case were within the Defendants' discretionary authority.

Next, the Court must determine whether the searches violated the Plaintiffs' Fourth Amendment rights.[5] The Fourth Amendment prohibits unreasonable searches. U.S. CONST. amend. IV. Whether a search is unreasonable depends on the facts of the case and requires an analysis of several factors: "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Bell v. Wolfish, 441 U.S. 520, 559 (1979). To support their argument that the searches in this case were unreasonable, Plaintiffs cite cases from other circuits in which courts have held that suspicionless

---

[5]Defendants make the strange argument that because the Plaintiffs were not seized, the Court need not analyze the search. This is not true. It may be that, as a matter of fact, a seizure almost always occurs prior to a search, but, as a matter of law, a seizure is not a prerequisite to a search. The Fourth Amendment prohibits both unreasonable searches and seizures, and the analysis of whether a search was unreasonable does not begin with an analysis of whether there was a seizure; they are two entirely separate issues.

strip searches of prison employees and prison visitors[6] are unreasonable and violate the Fourth Amendment.  See Sec. and Law Enforcement Employees v. Carey, 737 F.2d 187 (2d Cir. 1984) (holding that suspicionless stip searches of correctional officers are unreasonable); Hunter v. Auger, 672 F.2d 668 (8th Cir. 1982) (holding that suspicionless strip searches of prison visitors are unreasonable).

In this case, Plaintiffs' Complaint does not contain any direct or inferential factual allegations that support the Complaint's conclusory allegation that the searches were unreasonable.  Plaintiffs' Complaint simply labels the searches unreasonable and describes the manner in which they were conducted.  As the authorities cited by Plaintiffs demonstrate, strip searches of prison employees are not per se unreasonable.  See, e.g. Carey, 737 F.2d at 203.  Instead, the reasonableness of such searches depends on whether the officials conducting the searches possessed the requisite level of suspicion, whether it be probable cause or a less stringent standard.  See id. (adopting reasonable suspicion standard). Plaintiffs allege in their Response that the searches were suspicionless, but the Complaint does not make this allegation, nor does the Complaint contain any factual allegations from which this can be inferred.  The Complaint is simply silent on the issue.  Absent any allegations that Defendants did not have probable cause or

---

[6]Plaintiffs are correctional officers, not prison visitors; but Plaintiffs assert that if reasonable suspicion is required to strip search visitors, then it is also required to strip search prison guards.

8

reasonable suspicion to conduct the search, Plaintiffs have failed to allege a constitutional violation under the heightened pleading standard applicable to this claim. Count One's Fourth Amendment claim is dismissed.

### 2. Claim Under the Georgia Constitution

In Count One Plaintiffs have also asserted a § 1983 claim against Defendants based on the alleged violation of various provisions of the Georgia Constitution. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." West v. Atkins, 487 U.S. 42, 48 (1988). The rights guaranteed by the Georgia Constitution are not rights that are secured by either the United States Constitution or federal law. See Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) (holding that § 1983 requires that a plaintiff demonstrate a violation of federal law, not state law); see also Chisolm v. Tippens, 289 Ga. App. 757, 761, 658 S.E.2d 147, 152 (2008) (holding that the violation of Georgia law cannot provide the basis for a claim under 42 U.S.C. § 1983). As a result, Plaintiffs' § 1983 claim based on an alleged violation of the Georgia Constitution is dismissed.

### C.   COUNT TWO

In Count Two, Plaintiffs allege that their constitutional injury was caused by Defendants' failure to provide appropriate staffing, training, and education for the correctional officers and personnel of Rivers State Prison. Count Two is dismissed

for the same reasons that the Court dismissed Count One.  See Gish v. Thomas, 516 F.3d 952, 955 (11th Cir. 2008) ("There can be no supervisory liability...if there was no underlying constitutional violation.").

In addition, under the heightened pleading standard, Count Two fails to adequately allege a § 1983 claim based on a failure to train, educate, or supervise. It is well-established that supervisory liability under § 1983 exists only "when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).  The requisite causal connection can be established when (1) a history of widespread abuse puts the advisor on notice of the need to correct the alleged constitutional violations, (2) a supervisor's custom or policy results in deliberate indifference to constitutional rights,(3) the supervisor directed the subordinates to commit the constitutional violation, or (4) the supervisor knew that the subordinates would act unlawfully and failed to prevent the unlawful actions.  Id.

In this case, Count Two alleges only that Plaintiffs' constitutional deprivation was caused by "those Defendants failing to provide adequate and appropriate staffing, training, and education for the correctional officers and personnel of Rivers State Prison."  The Complaint does not identify "those Defendants," and there are no factual allegations in support of this claim.  Because Plaintiffs have not alleged any facts in support of this claim, Count Two does not satisfy the heightened

10

pleading standard, and therefore, it is dismissed for this additional reason.

### III.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted.

**SO ORDERED**, this the 30th day of September, 2008

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc